UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT EBRON,

        Plaintiff,                      CIVIL ACTION NO. 06-15016

        v.                               DISTRICT JUDGE JOHN CORBETT O'MEARA

MONROE COUNTY JAIL,            MAGISTRATE JUDGE VIRGINIA M. MORGAN
JOHN DOE, Shift Commander at
Monroe County Jail, and OFFICER
MONRUE,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

      This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants violated his Eighth Amendment rights to be free from cruel and unusual punishment. The matter comes before the court on Defendants' Motion to Dismiss and/or in the alternative, for Summary Judgment (D/E # 18). For the reasons discussed below, this Court recommends that defendants' motion be **GRANTED**. Plaintiff's claims against all defendants could be dismissed because plaintiff failed to exhaust his administrative remedies. However, for the reasons discussed herein, Monroe County Jail and John Doe, shift commander at Monroe County Jail, are entitled to dismissal on the grounds that plaintiff has failed to state a claim upon which relief can be

-1-

granted and defendant Officer Monrue is entitled to dismissal and summary judgment based on qualified immunity.

## II.  Background

Plaintiff was, at the times relevant to the facts underlying this action, an inmate at the Monroe County Jail in Monroe, Michigan.  (Complaint, ¶ 2)  According to his complaint, plaintiff is now an inmate at the Southern Michigan Correctional Facility in Jackson, Michigan.  (Complaint, p. 3)

### A. Complaint

On November 8, 2006, plaintiff filed a complaint against defendants (D/E # 1).  In that complaint, plaintiff alleged that, on or about June 1, 2005, plaintiff was told by another inmate named Johnnie Miller that an inmate named Eddie Reese was threatening to use a pencil to cause plaintiff great bodily harm.  (Complaint, ¶ 5)  Miller also informed Correctional Officer Monrue about the threats, but Monrue stated that nothing could be done until Reese actually hit someone.  (Complaint, ¶¶ 6-7)  On June 17, 2005, Reese got into a fight with another inmate.  During that fight, Reese moved toward plaintiff and struck plaintiff in the mouth with a pencil.  (Complaint, ¶¶ 8-9)  Several guards broke up the fight and plaintiff was subsequently sent to the hospital.  (Complaint, ¶¶ 10-12)  At the hospital, a doctor told plaintiff that the pencil went all the way through plaintiff's front lip and loosened plaintiff's front teeth, though his teeth did not come out.  Plaintiff received eight stitches and was left with a permanent scar under his lower lip.  (Complaint, ¶¶ 13-14)

In the claim for relief section of the complaint, plaintiff wrote:

> That as a results (sic) of the actions of the Defendants, the Sheriff of the Monroe County Jail, and Officer Monrue deprived the Plaintiff, a citizen of the United States, of his right to be free from cruel and unusual punishment, in contravention of the Eighth (sic) of the U.S. Constitution and 42 USC § 1983. The Plaintiff has suffered from physical pain, mental anguish and emotional distress due to the action of the defendants. [Complaint, ¶ 17]

### B. Defendants' Motion to Dismiss or for Summary Judgment

On September 12, 2007, defendants filed the pending motion to dismiss or for summary judgment (D/E # 18). In that motion, defendants argue that plaintiff's claims should be dismissed as a matter of law because plaintiff has failed to respond to discovery requests or comply with the Court's scheduling order. Defendants also argue that plaintiff's claims should be dismissed because he has failed to state a claim upon which relief can be granted and because he has failed to exhaust his administrative remedies prior to filing this action. Defendants further argue that the claims against them are barred by their qualified immunity.

### III. Discussion

#### A. Fed. R. Civ. Pro. 41(b)

Fed. R. Civ. Pro. 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

When deciding whether to dismiss an action under Fed. R. Civ. Pro. 41(b), a court should consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002), quoting Knoll v. AT & T, 176 F.3d 359, 363 (6th Cir. 1999). However, no one factor is dispositive, and dismissal is proper "if the record demonstrates delay or contumacious conduct." Reyes, 307 F.3d at 458. Furthermore, plaintiff "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." Reyes, 307 F.3d at 458. A district court does not abuse its discretion in dismissing a case "if the party has the ability to comply with a discovery order but does not." Reyes, 307 F.3d at 458.

In this case, defendants argue that plaintiff's claims should be dismissed due to plaintiff's failure to comply with their discovery requests and the scheduling order established by the court. However, even assuming *arguendo* that plaintiff's failures were willful, defendants have failed to demonstrate any prejudice given this court's subsequent order of September 24, 2007 compelling plaintiff to answer defendants' discovery requests (D/E # 19). Additionally, plaintiff has not been warned that a failure to cooperate could lead to dismissal and lesser sanctions have not been considered prior to the filing of this motion. Therefore, after consideration of the factors discussed in Reyes, plaintiff's claims should not be dismissed as a sanction for failing to

answer defendants' discovery requests or for failing to comply with the scheduling order established by the court.

**B. Exhaustion of Administrative Remedies**

Defendants also argue that plaintiff's claims must be dismissed because he failed to properly exhaust all of his administrative remedies prior to bringing this action. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq.*, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, __ U.S. __, __, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, __ U.S. __, __, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").

In this case, plaintiff's complaint expressly states that he did not file any grievances with respect to the claims made in his complaint (Complaint, pp. 5-6). Plaintiff has never offered an excuse for the failure to file a grievance or exhaust his administrative remedies. Given plaintiff's

failure to properly exhaust his administrative remedies, his claims should be dismissed. 42 U.S.C. § 1997e(a).

### C. Fed. R. Civ. Pro. 12(b)(6)

#### 1. Standard of Review

Defendants move to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). Rule 12(b)(6) permits a district court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. Kottmyer, 436 F.3d at 688.

The United States Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). In that case, the Supreme Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that, even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."

Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Twombly, 127 S.Ct. at 1969.

**2. § 1983 Condition of Confinement Claims**

To state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege or immunity secured by the Federal Constitution or the laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. Doe v. Wigginton, 21 F.3d 733, 738 (6th Cir. 1994).

Where the harm is perpetrated by another prisoner, rather than by a government official, the claim is characterized as one of "conditions of confinement," rather than of "excessive use of government force." Thaddeus-X v. Blatter, 175 F.3d 378, 400-01 (6th Cir. 1999) (citations omitted). In conditions of confinement litigation, the Eighth Amendment is triggered by the "unnecessary and wanton infliction of pain." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (citing Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).

To succeed on a conditions of confinement claim, a plaintiff must show: (1) the deprivation alleged is, objectively, 'sufficiently serious,' and (2) the prison official had a

sufficiently culpable state of mind.  Farmer, 511 U.S. at 834.  A sufficiently culpable state of mind is one of 'deliberate indifference' to inmate health and safety.  Farmer, 511 U.S. at 834, quoting Wilson, 501 U.S. at 302-03.  In defining deliberate indifference, the Farmer Court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  [Farmer, 511 U.S. at 837-38.]

### a. Officer Monrue

Officer Monrue argues that plaintiff's claim against him should be dismissed because plaintiff failed to allege sufficient factual allegations to raise his right to relief above the speculative level.  As described above, plaintiff alleged that, while Officer Monrue knew that Reese had threatened plaintiff with great bodily harm, Officer Monrue refused to do anything about the danger to plaintiff.

Given those clear allegations and accepting them as true, as the Court must do in deciding a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), plaintiff has stated a claim upon which relief can be granted.  First, given the extent of the threat against plaintiff and his injuries after the attack, plaintiff alleged a sufficiently serious deprivation of his rights.  See Farmer, 511 U.S. at 834, 114 S.Ct. 1970 (finding that "the deprivation alleged must be, objectively 'sufficiently serious,' ... [and] a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities ....'") (citations omitted).  Second, plaintiff alleged that Officer Monrue knew of the excessive risk to plaintiff's safety posed by

Reese. Third, plaintiff alleged that Officer Monrue disregarded that excessive risk by failing to do anything at all. Whether or not plaintiff could prevail on his claim, he has sufficiently alleged a condition of confinement claim against Officer Monrue and Officer Monrue's motion to dismiss should be denied.

### b. Monroe County Jail

Monroe County Jail moves for dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6) on the basis that plaintiff has failed to state a claim for municipal liability and, instead, merely asserted a respondeat superior theory of liability. A municipality cannot be liable for the constitutional torts of its employees; that is, it cannot be liable on a respondeat superior theory. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); see also Powers v. Hamilton County Public Defender Com'n, 501 F.3d 592, 607 (6th Cir. 2007). Rather, liability will attach only where the plaintiff establishes that the municipality engaged in a "policy or custom" that was the "moving force" behind the deprivation of the plaintiff's rights. Monell, 436 U.S. at 694; see also Doe v. Claiborne County, 103 F.3d 495, 507 (6th Cir.1996) ("Under Monell, the [defendants] cannot be found liable unless the plaintiff can establish that an officially executed policy, or the toleration of a custom ... leads to, causes, or results in the deprivation of a constitutionally protected right.").

The Monell Court described a municipal policy as including "a policy statement, ordinance, regulation, or decision officially adopted and promulgated...." 436 U.S. at 690. An actionable "custom," in contrast, "has not received formal approval through ... official decisionmaking channels." Monell, 436 U.S. at 690-91. A § 1983 plaintiff may establish the

existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue. Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis, 361 F.3d 898, 902 (6th Cir.2004). However, where a municipal-liability claim is premised on an "inaction theory," the plaintiff must prove (1) the existence of a clear and persistent pattern of violating federal rights (in this case, failing to request indigency hearings); (2) notice or constructive notice on the part of defendants; (3) the defendants' tacit approval of the unconstitutional conduct, such that their deliberate indifference in failing to act can be said to amount to an official policy of inaction; and (4) that the defendants' custom was the "moving force," or direct causal link for the constitutional deprivation. Doe, 103 F.3d at 508; see also Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir.2005) (applying Doe factors where the plaintiff alleged that the Chattanooga police department had a custom of tolerating the use of excessive force against detained suspects); Garretson v. City of Madison Heights, 407 F.3d 789, 796 (6th Cir.2005) (applying Doe factors where the plaintiff alleged that the city had a custom of failing to provide medical treatment to pre-arraignment detainees).

In this case, while plaintiff alleges that Officer Monrue knew of the threats against plaintiff and failed to act, he made no direct allegations against the Monroe County Jail. As discussed above, however, plaintiff cannot assert a respondeat superior theory of liability and he must allege that the Monroe County Jail engaged in a "policy or custom" that was the "moving force" behind the deprivation of the plaintiff's rights. Plaintiff has clearly failed to make such allegations in this case and his claim against the Monroe County Jail should therefore be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).

### c. John Doe, Shift Commander at Monroe County Jail

John Doe, shift commander at the Monroe County Jail, moves to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) on the basis that plaintiff's claim against him relies solely on his status as Officer Monrue's superior. In § 1983 claims against supervisors, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it" and "[a]t a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Petty v. County of Franklin, Ohio, 478 F.3d 341, 349 (6th Cir. 2007), quoting Taylor v. Michigan Dep't of Corrs., 69 F.3d 76, 81 (6th Cir.1995) (emphasis omitted), quoting Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984); see also Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (stating that to establish personal liability of a government official under § 1983, a plaintiff must show that the official caused the deprivation of a federal right). Thus, plaintiff must meet the causation requirements laid out in the above cases and the shift commander's § 1983 liability must be based on more than respondeat superior, or the right to control employees. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000).

A supervisor's failure to remedy alleged retaliatory behavior or to intervene on a plaintiff's behalf is neither a constitutional violation nor a violation of a clearly established right absent allegations that the supervisor directly participated, encouraged, authorized or acquiesced in the alleged actions. Shehee, 199 F.3d at 300. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Salehpour v.

University of Tennessee, 159 F.3d 199, 206 (6th Cir. 1998), cert. denied, 526 U.S. 1115, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999), even where the supervisor was aware of an actionable wrong committed by a subordinate and failed to take corrective action. Poe v. Haydon, 853 F.2d 418, 429 (6th Cir.1988). Moreover, "[a] supervisory official's failure to control, or train the offending individual is not actionable, unless the supervisor 'either encouraged the specific incident or in some other way directly participated in it.'" Haydon, 853 F.2d at 429, quoting Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982).

In this case, while plaintiff alleges that Officer Monrue knew of the threats against plaintiff and failed to act, he made no direct allegations against John Doe, shift commander at the Monroe County Jail. Plaintiff thus relies solely on the argument that the shift commander is liable because he supervised Officer Monrue. As discussed above, however, "[a]t a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Petty, 478 F.3d at 349 (citations omitted). Plaintiff has failed to allege that John Doe, shift commander at the Monroe County Jail did any of those things and, consequently, plaintiff 's claim against him should be dismissed for failure to state a claim upon which relief can be granted.

### D. Fed. R. Civ. Pro. 56

#### 1. Standard of Review

Defendants also move for summary judgment pursuant to Fed. R. Civ. Pro. 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits

for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**2. § 1983 Condition of Confinement Claim Against Officer Monrue**

Officer Monrue moves for summary judgment on the basis that plaintiff's claims are barred by his qualified immunity. Qualified immunity is "an entitlement not to stand trial or face

the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200; 121 S.Ct. 2151; 150 L.Ed.2d 272 (2001), quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is an immunity from suit and not a mere defense to liability. Saucier, 533 U.S. at 200. As a result, courts have "repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).

As discussed above, to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege or immunity secured by the Federal Constitution or the laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. Doe v. Wigginton, 21 F.3d 733, 738 (6th Cir.1994).

Thus, with regard to §1983 claims, a court required to rule upon the qualified immunity issue must first consider whether the facts alleged show the officer's conduct violated a constitutional right. Saucier, 533 U.S. at 201. If a violation could be shown, the court must then ask whether that constitutional right was clearly established. "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance understanding of the law and to allow officers to avoid the burden of trial if qualified immunity is applicable." Saucier, 533 U.S. at 201.

In this case, Officer Monrue argues that he is entitled to qualified immunity because he did not deprive plaintiff of plaintiff's constitutional rights. In support of his argument, Officer Monrue provides the Monroe County Jail Report regarding the incident on June 17, 2005 (attached as Exhibit 1 to Defendants' Motion). Within that report is the description of an

interview with plaintiff: "[plaintiff] stated that he was just trying to break up a fight between inmates Reese and Perry just after dinnertime" and "[plaintiff] stated he jumped in to break up the fight at that time he states Reese hit him in the mouth with a pencil that was in-between his fingers." Also within the report are descriptions of interviews with inmates Reese, Perry and Cole, all of which confirm that plaintiff jumped in to the fight between Reese and Perry in order to stop it.

Given that evidence, as well as plaintiff's failure to respond with conflicting evidence, plaintiff has failed to demonstrate that a genuine issue of material fact exists with respect to his claim against Officer Monrue. The evidence provided by defendants shows that plaintiff was injured after plaintiff voluntarily entered an altercation in an attempt to end it. There is absolutely no evidence in the record suggesting that Reese had previously threatened plaintiff, that Officer Monrue knew of any such threat, that Officer Monrue disregarded any risk to plaintiff's health, or that Reese specifically attacked plaintiff rather than plaintiff choosing to enter the altercation. In the absence of such evidence, Officer Monrue is entitled to summary judgment as a matter of law.[1]

## IV. Conclusion

For the reasons discussed above, the court recommends that defendants' motion to dismiss and/or for summary judgment be **GRANTED** and the case be dismissed with prejudice.

---

[1] Monroe County Jail and John Doe, shift commander at Monroe County Jail, also move for summary judgment. Given the absence of a genuine issue of material fact as to any constitutional deprivation discussed above, they are also entitled to summary judgment for the same reasons as Officer Monrue.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                       s/Virginia M. Morgan
                                       Virginia M. Morgan
                                       United States Magistrate Judge

Dated: January 4, 2008

## **PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon plaintiff and counsel of record via the Court's ECF System and/or U. S. Mail on January 4, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
